**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

STEVEN S. SUCHAK,

          Appellant,

       v.

OFFICE OF PERSONNEL
   MANAGEMENT,

          Agency.

DOCKET NUMBER
DA-0841-16-0017-I-2

DATE: August 11, 2022

# THIS ORDER IS NONPRECEDENTIAL[*]

<u>Brad Harris</u>, Esquire and <u>Leah Bachmeyer Kille</u>, Esquire, Lexington, Kentucky, for the appellant.

<u>Carla Robinson</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the decision of the Office of Personnel Management (OPM) to terminate his disability annuity. OPM has filed a motion to dismiss the appeal as moot

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

because it has retroactively reinstated the appellant's annuity. For the reasons set forth below, we VACATE the initial decision without deciding the issues raised in the appellant's petition for review and REMAND the case to the Western Regional Office for further development of the record regarding the potential mootness of this appeal and, if necessary, further adjudication.

## BACKGROUND

¶2 The relevant background information is not in material dispute. According to the appellant, he was separated from a civilian position with the Department of the Air Force on March 29, 2013, as a result of his medical inability to perform the essential job duties of his Information Technology position. *Suchak v. Office of Personnel Management*, MSPB Docket No. DA-0841-16-0017-I-1, Initial Appeal File (IAF), Tab 21 at 4-5. In March 2014, he applied for disability retirement benefits under the Federal Employees Retirement System (FERS). *Id.* at 5. Thereafter, he applied for, and accepted, an appointment with the Department of the Navy as an Electronic Engineer. *Id.* The appointment was effective June 2, 2014. *Id.* at 30-31. On January 5, 2015, OPM approved the appellant's request for a FERS disability annuity. *Id.* at 32-35. On August 28, 2015, however, OPM found that he was administratively recovered based on his employment with the Navy, and it terminated his disability annuity effective June 2, 2014. IAF, Tab 2.

¶3 The appellant then filed this appeal with the Board. IAF, Tab 1. The administrative judge issued an initial decision finding that the appellant failed to establish his eligibility for the FERS disability benefits sought and affirming OPM's decision to deny the appellant those benefits. *Suchak v. Office of Personnel Management*, MSPB Docket No. DA-0841-16-0017-I-2, Refiled Appeal File, Tab 32, Initial Decision (ID) at 2, 14.

¶4 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. On July 5, 2017, OPM was ordered to respond to an argument raised

by the appellant.  PFR File, Tab 3.  OPM instead filed a motion to dismiss the appeal as moot, asserting that it reinstated the appellant's annuity retroactive to June 2, 2014.  PFR File, Tab 5 at 4.  The appellant filed an opposition to OPM's motion, and OPM filed a reply.  PFR File, Tabs 6-7.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶5       A case is moot when the issues presented are no longer "live," or the parties lack a legally cognizable interest in the outcome of the case.  *Wrighten v. Office of Personnel Management*, 89 M.S.P.R. 163, ¶ 5 (2001).  For an appeal to be dismissed as moot, an appellant must have received all of the relief that he could have received if the matter had been adjudicated and he had prevailed.  *Alexis v. Office of Personnel Management*, 106 M.S.P.R. 315, ¶ 6 (2007).

¶6       In its July 25, 2017 motion to dismiss, OPM asserts the following:  (1) it has reinstated the appellant's disability annuity retroactive to June 2, 2014; (2) effective August 1, 2017, he would begin receiving recurring monthly annuity payments; and (3) within 5 to 7 business days, he would receive a one-time, lump−sum payment for the annuity, which he was owed for the period from June 2, 2014, through June 30, 2017.  PFR File, Tab 5 at 4, 8.  OPM has submitted what appear to be screenshots reflecting that it made these changes within its computer system, *id.* at 6-7, as well as calculations reflecting how it arrived at some of the amounts relevant to the appellant's annuity, *id.* at 9-10.  In a letter to the appellant attached to its motion, OPM stated that it was deducting his optional life insurance and the Federal tax due from his retroactive annuity payment.  *Id.* at 8.  OPM further informed the appellant that, while he is reemployed, his employing agency will deduct his basic life and health insurance premiums from his salary, and OPM will deduct his optional life insurance from his monthly annuity payment.  *Id.*

¶7       The appellant requests that the Board not dismiss his appeal as moot until OPM provides an itemized list of deductions that it made from the retroactive

annuity payment, and he can determine that it made the correct withholdings. PFR File, Tab 6 at 6. Specifically, he asserts that deductions for his enrollment in Federal Employees Group Life Insurance (FEGLI) already have been made through his "employed pay" and that OPM need not have made duplicative deductions from the retroactive annuity payment. *Id.*

¶8    In its response, OPM neither confirms nor denies whether it has made such deductions from its retroactive annuity payment to the appellant. PFR File, Tab 7. OPM instead asserts that the question of whether it correctly deducted the appellant's FEGLI premiums from his annuity is beyond the Board's jurisdiction. *Id.* at 5 (citing *Miller v. Office of Personnel Management*, 449 F.3d 1374, 1377-78 (Fed. Cir. 2006)).

¶9    However, although claims concerning FEGLI are generally beyond the Board's jurisdiction, the Board has recognized several exceptions to this rule. *Chamblin v. Office of Personnel Management*, 112 M.S.P.R. 266, ¶¶ 7, 11-14 (2009). For instance, in determining whether OPM has complied with a Board order to award an appellant retroactive disability retirement, the Board has required OPM to explain satisfactorily why it deducted life insurance premiums from a retroactive payment. *Lua v. Office of Personnel Management*, 100 M.S.P.R. 431, ¶¶ 3-4, 14-15 (2005). Significant to the Board's finding in *Lua* was the fact that the matter before it was an issue of compliance from its final decision granting the appellant's disability retirement annuity. *Lua v. Office of Personnel Management*, 102 M.S.P.R. 108, ¶ 8 (2006). Although the instant case does not involve a petition for enforcement, we may not dismiss the appeal as moot until the appellant has received all of the relief that he could have received if the matter had been adjudicated and he had prevailed. *See Alexis*, 106 M.S.P.R. 315, ¶ 6. We find that OPM must submit additional evidence and argument supporting its reduction of the lump-sum payment for life insurance premiums before it can be determined that the appellant has received all appropriate relief. *See Lua*, 100 M.S.P.R. 431, ¶¶ 14-15.

¶10 Additionally, regardless of whether OPM properly deducted the appellant's FEGLI premiums from its retroactive annuity payment, we find that the current record is insufficiently developed to dismiss this appeal as moot. OPM's assertion that it has reinstated the appellant's annuity does not establish that his annuity payment has been calculated correctly and that he has received all of the relief to which he is entitled. *See Fernandez v. Department of Justice*, 105 M.S.P.R. 443, ¶ 10 (2007). The appellant has the right to the information relied upon by OPM to calculate its annuity determinations, and as OPM has sole access to that information, the Board expects OPM to provide it. *Harlston v. Office of Personnel Management*, 109 M.S.P.R. 148, ¶ 4 (2008). Because OPM has so far declined to provide such information, we find it appropriate to remand this appeal for the administrative judge to determine whether the appellant has received all of the relief that he could have received if the matter had been adjudicated and he had prevailed. *See Sanders v. Equal Employment Opportunity Commission*, 45 M.S.P.R. 229, 233-34 (1990).

¶11 We find unpersuasive the appellant's remaining arguments in opposition to the motion to dismiss. The appellant requests that the Board confirm his right to receive the disability annuity to ensure that OPM will not terminate his annuity in the future. PFR File, Tab 6 at 4-6. He asserts that his request is in line with *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222 (2000) and *United States v. Concentrated Phospate Export Association, Inc.*, 393 U.S. 199, 203 (1968). In *Adarand Constructors*, the Court held that "[v]oluntary cessation of challenged conduct moots a case only if it is 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" 528 U.S. at 222 (quoting *Concentrated Phosphate*, 393 U.S. at 203) (emphasis omitted). We find this doctrine inapplicable to the circumstances of this appeal. In *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013), the Court explained that the purpose of this "voluntary cessation" doctrine is to prevent a defendant from only temporarily ceasing his unlawful conduct "when sued to have the case declared moot, then

pick up where he left off, repeating this cycle until he achieves all his unlawful ends." We see no risk of OPM acting in this manner here.

¶12      Moreover, the issue in this appeal is OPM's decision to terminate the appellant's annuity. Although the appellant requests that the Board verify his eligibility for restoration of his annuity, or his eligibility to a new annuity, in the event that he is separated from the Navy, PFR File, Tab 6 at 5, the Board is not authorized to issue a declaratory order or an advisory opinion in these circumstances. *See* 5 U.S.C. § 1204(h); *Blaha v. Office of Personnel Management*, 108 M.S.P.R. 21, ¶ 11 (2007). Accordingly, we deny the appellant's request.

¶13      Finally, the appellant argues that the appeal should not be dismissed as moot when he has not been provided attorney fees. PFR File, Tab 6 at 7-8. We find that any outstanding issue regarding attorney fees does not prevent this appeal from being dismissed as moot. *See Koerner v. Office of Personnel Management*, 51 M.S.P.R. 365, 367 (1991).

**ORDER**

¶14      For the reasons discussed above, we remand this case to the Western Regional Office for further adjudication in accordance with this Remand Order. Because we remand the appeal to determine whether the appeal is moot, we do not reach the question of whether the initial decision was correctly decided. If the administrative judge determines on remand that the appellant has not received all of the relief that he could have received if the matter had been adjudicated and he had prevailed, then the administrative judge should issue a

new initial decision determining whether the appellant has established his entitlement to the benefits sought.


FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.